IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| WILLIAM ALLEN,       )<br>    Plaintiff,       )<br>                              )<br>vs.                        )<br>                              )<br>CAPITAL ONE (USA), NA,   )<br>EQUIFAX INFORMATION   )<br>SERVICES, LLC, EXPERIAN   )<br>INFORMATION SOLUTIONS, )<br>INC., AND TRANS UNION, LLC, )<br>    Defendants.       ) | Case No.: 2:12-cv-130-WHA |

## COMPLAINT

William Allen, by and through undersigned counsel, files this Complaint against Defendants Capital One (USA), NA, Equifax Information Services, LLC, Experian Information Solutions, Inc., and Trans Union, LLC, and states as follows:

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of the Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, (FCRA), the Alabama Deceptive Trade Practices Act, Alabama Code 1975, § 8-19-1 and state common law causes of actions by these Defendants, jointly and severally, in their illegal efforts to collect a consumer

3. Venue is proper in this District because the acts and transactions occurred here and the Defendants transact business here.

**PARTIES**

4. Plaintiff William Allen ("Allen") is a natural person who resides in the City of Montgomery, County of Montgomery, State of Alabama, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Capital One (USA), NA ("Capital One") is a Virginia corporation with its principal place of business in the State of Virginia that conducts regular, systematic business in this Judicial District.

6. Defendant Equifax Information Services, LLC ("Equifax") is a foreign limited liability company licensed to do business within the State of Alabama. Equifax is a consumer reporting agency, as defined in §1681a(f) of the FCRA, regularly engaged in the business of assembling, evaluating and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in §1681a(d) of the FCRA, to third parties.

7. Defendant Experian Information Services, LLC ("Experian") is a foreign corporation licensed to do business within the State of Alabama. Experian is a consumer reporting agency, as defined in §1681a(f) of the FCRA, regularly engaged in the business of assembling, evaluating and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in §1681a(d) of

the FCRA, to third parties.

8.     Defendant Trans Union, LLC ("Trans Union") is a foreign limited liability company licensed to do business within the State of Alabama. Trans Union is a consumer reporting agency, as defined in §1681a(f) of the FCRA, regularly engaged in the business of assembling, evaluating and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in §1681a(d) of the FCRA, to third parties.

## PRELIMINARY STATEMENT

9.     This Complaint seeks actual, compensatory, statutory and/or punitive damages, including injunctive and declaratory relief, brought by individual consumers (hereinafter referred to as "Plaintiff") against Defendants for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, (FCRA), the Alabama Deceptive Trade Practices Act, Alabama Code 1975, § 8-19-1 and state common law causes of actions by these Defendants, jointly and severally, in their illegal efforts to collect a consumer debt.

## FACTUAL ALLEGATIONS

10.    Plaintiff Allen is an individual and for all relevant times herein has been a resident of Montgomery County, Alabama.

11.    On May 5, 2010, Capital One filed suit against Plaintiff Allen in the District Court of Montgomery County, Case Number DV-2010-900891, in an attempt

to collect an alleged consumer debt.

12. The Defendant Capital One filed suit against Allen without any intent of carrying its case through by presenting admissible evidence to prove its assertions.

13. Further, Defendant Allen has never had an account with Capital One (USA) NA, as alleged as part of the lawsuit filed in Montgomery County, Alabama and Capital One has continued to report the same to the credit reporting agency defendants in a manner which violates federal and state laws.

14. Defendants have agreed to and understand they must follow the requirements of the FCRA including, but not limited to, the following:

   a. 15 U.S.C. §1681(a)(1)(A) which states, "[a] person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate."

   b. 15 U.S.C. §1681(a)(1)(B) which states, "[a] person shall not furnish information relating to a consumer to any consumer reporting agency if -
      (i) the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and
      (ii) the information is, in fact, inaccurate."

    c.    15 U.S.C. §1681(a)(2) which states, "[a] person who -

        (A)    regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer; and

        (B)    has furnished to a consumer reporting agency information that the person determines is not complete or accurate, shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate, and shall not thereafter furnish to the agency any of the information that remains not complete or inaccurate."

15.    Defendants have failed to implement and/or follow "reasonable procedures to assure maximum possible accuracy" of the information they have published, and continue to publish, in consumer credit reports in violation of 15 U.S.C. §1681(e)(b).

16.    Indisputably, based upon the sheer volume of factually identical actions, Defendants should reasonably be aware of the inadequacy of their procedures and implement policies to improve the accuracy of the information they publish. The FTC's Official Staff Commentary §603, item B, states that "[a] consumer reporting

agency must also adopt reasonable procedures to eliminate systematic errors that it knows about, or should reasonably be aware of, resulting from procedures followed by its sources of information."

17.     All actions taken by employees, agents, servants, or representatives of any type for Defendants were taken in the line and scope of such individuals' (or entities') employment, agency or representation.

18.     Defendants' intentional, reckless and wilful violations of the FCRA, ADTPA, federal law and state law has proximately caused Plaintiff to suffer severe mental distress, mental and physical pain, embarrassment and humiliation which Plaintiff will in the future continue to suffer.

## COUNT 1
## VIOLATIONS OF THE ALABAMA DECEPTIVE TRADE PRACTICES ACT

19.     Plaintiff Allen incorporates by reference the allegations of all preceding paragraphs as if set forth fully herein.

20.     The conduct described herein has caused actual confusion or misunderstanding as to the source, sponsorship, approval, or certification of service within the scope of the Alabama Deceptive Trade Practices Act, Ala. Code § 8-19-3.

21.     Such conduct is generally and specifically within the meaning of the Alabama Deceptive Trade Practices Act, Ala. Code § 8-19-3, *et. seq.*, and in the course of business that is prohibited, unfair, and deceptive.

22.     The foregoing acts and omissions of Defendants were undertaken by them willfully, intentionally, and knowingly as part of their routine debt collection business, and Plaintiff relied upon representation as being lawful, yet such conduct is prohibited.

23.     The conduct described herein has tremendous potential to be repeated where other consumers similarly situated will be treated with the same unscrupulous, unethical, unfair and deceptive acts and practices.

### **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against the Defendants:

A.     For an award of actual damages in an amount to be proven at trial.

B.     For an award of statutory damages.

C.     For an award of costs of litigation and reasonable attorney's fees.

### **COUNT II**
### **VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**

24.     Plaintiff incorporates by reference the allegations of all preceding paragraphs as if set forth fully herein.

25.     In the entire course of their actions, Defendants willfully and/or negligently violated provisions of the FCRA by willfully and/or negligently failing in the preparation of the consumer reports concerning Plaintiffs, to follow reasonable

procedures to assure maximum possible accuracy of the information they reported as required by 15 U.S.C. 1681(e)(b) and in violation of 15 U.S.C. 1681(n);

26.   The foregoing acts and omissions were undertaken by Defendants willfully, intentionally, and knowingly as part of their routine credit reporting and/or credit furnishing business, and in gross reckless disregard of the rights of the Plaintiffs.

27.   As a result of the above violation of the FCRA, Defendants are liable to the Plaintiff for actual, compensatory, statutory damages, costs, and attorney's fees under the FCRA.

## COUNT III
## NEGLIGENT, RECKLESS, AND WANTON CONDUCT

28.   The Plaintiff incorporates by reference the allegations of all preceding paragraphs as if set forth fully herein.

29.   Defendant's acts, as described herein, were done so negligently and without care or concern for the well being of the Plaintiff and in violation of 15 U.S.C. 1681(o).

30.   As a proximate consequence of Defendants' negligence, Plaintiff has been caused to suffer severe emotional and mental distress, and Defendants are liable to Plaintiff for actual, compensatory, and punitive damages, costs and attorney's fees, and any other and further relief deemed appropriate by this Court.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against the Defendants:

    A.    For actual damages;

    B.    For compensatory damages;

    C.    For punitive damages;

    D.    Costs and attorney's fees; and

    E.    And any and all other relief allowed by law.

## COUNT IV
## HARASSMENT

31. The Plaintiff incorporates by reference the allegations of all preceding paragraphs as if set forth fully herein.

32. Defendants' acts, as described herein, were done so intentionally, maliciously, and willfully, and without care or concern for Plaintiff's well being. Defendants' harassing collection tactics, and/or refusal to assure the accuracy of the information published regarding Plaintiff, created a hostile environment for Plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against the Defendant:

    A.    For actual damages;

B.  For compensatory damages;

C.  For punitive damages;

D.  Costs and attorney's fees; and

E.  And any and all other relief allowed by law.

## COUNT V
## INVASION OF PRIVACY

33. The Plaintiff incorporates by reference the allegations of all preceding paragraphs as if set forth fully herein.

34. Defendants' conduct, as described herein, constitutes an invasion of Plaintiff's privacy in that it intrudes into Plaintiff's private life, publishes private facts regarding Plaintiff, and places Plaintiff in a false light in the eyes of those to whom the publications are made.

35. Defendants' actions were done so maliciously, without privilege, and with a willful intent to injure the Plaintiff.

36. As a proximate consequence of Defendants' invasion of Plaintiff's privacy, Plaintiff has been caused to suffer severe emotional and mental distress, and Defendants are liable to Plaintiff for actual, compensatory, and punitive damages, costs and attorney's fees, and any other and further relief deemed appropriately by this Court.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against the Defendants:

A. For actual damages;

B. For compensatory damages;

C. For punitive damages;

D. Costs and attorney's fees; and

E. And any and all other relief allowed by law.

## COUNT VI
## DEFENDANT CAPITAL ONE'S MISREPRESENTATION

37. The Plaintiff incorporates by reference the allegations of all preceding paragraphs as if set forth fully herein.

38. Defendant Capital One intentionally, maliciously, recklessly and / or negligently misrepresented material facts in that they falsely represented to others that Plaintiff owed money to that Defendant.

39. Defendants intend that those who review the credit reports of the Plaintiff will rely upon the misrepresentations and suppressions of material fact related to the balance owed and a false credit card number is issued on the complaint.

40. Defendants intended that the justifiable and reasonable reliance by others would adversely affect the Plaintiff.

41. As a proximate consequence of Defendants' intentional misrepresentation, Plaintiff has been caused to suffer severe emotional distress, and Defendants are liable to Plaintiff for actual, compensatory, and punitive damages, costs and attorney fees, and any other and further relief deemed appropriate by this Court.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against the Defendants:

A. For actual damages;

B. For compensatory damages;

C. For punitive damages;

D. Costs and attorney's fees; and

E. And any and all other relief allowed by law.

## COUNT VII
## DECLARATORY AND INJUNCTIVE RELIEF

42. The Plaintiff incorporates by reference the allegations of all preceding paragraphs as if set forth fully herein.

43. A dispute exists as to whether Defendants have violated the FCRA, ADTPA, federal law or state law.

44. A dispute exists as to the underlying debt that forms the basis of the lawsuit filed against Plaintiff Allen in Montgomery County, Alabama, Case No. DV-2010-900891.

45. Plaintiff is entitled to declaratory relief in determining that the above referenced federal and state laws have been violated and that the Plaintiff does not owe the debt that is the basis for the Montgomery County District Court case.

46. Plaintiff is entitled to injunctive relief to enjoin the unlawful acts and the collection on the underlying alleged debt.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against the Defendants:

    A. Declaring that the FCRA and the ADTPA have been violated;

    B. Declaring that the Plaintiff does not owe the underlying debt in Montgomery County Case No. DV-2010-900891; and

    C. Enjoining the Defendant from the unlawful acts and the collection on the underlying alleged debt or false reportings to credit reporting agencies.

/s/ Richard F. Matthews, Jr.
RICHARD F. MATTHEWS, JR.
(MAT048) ASB-0250-D50M
**Attorney for Plaintiff**
The Anderson Law Firm, LLC
7515 Halcyon Pointe Drive

Montgomery, Alabama 36117
Telephone: 334-272-9880
Facsimile: 334-272-2551
Email: rmatthews@theandersonlawfirm.com

**Please serve the Defendants at the following addresses:**

Capital One (USA), National Association
c/o CSC Lawyers Incorporating Svc, Inc.
150 S. Perry Street
Montgomery, AL 36104

Experian Information Solutions, Inc.
c/o The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, AL 36109

Trans Union, LLC
c/o Prentice-Hall Corporation System, Inc.
150 S. Perry Street
Montgomery, AL 36104

Equifax Information Services, LLC
c/o CSC Lawyers Incorporating Svc, Inc.
150 South Perry Street
Montgomery, Alabama 36104